GLENN, Trustee, *v*. PRIEST, Ex'r. SAME *v*. MELLIER. SAME *v*. FOY. SAME *v*. PRIEST. SAME *v*. DORSHEIMER. SAME *v*. HUNT. SAME *v*. TAUSSIG. SAME *v*. LIGGET. SAME *v*. DAUSMAN. SAME *v*. NOONAN and others.[1]

*(Circuit Court, E. D. Missouri. October 16, 1886.)*

1. CORPORATIONS — LIABILITY OF STOCKHOLDERS — ASSIGNMENT BY INSOLVENT CORPORATION.

Where an insolvent corporation assigns all its property, including unpaid stock subscriptions, to trustees, for the benefit of creditors, and ceases to do business, the liability of stockholders on their subscriptions becomes absolute at once, "or, at least, within a reasonable time thereafter," and the statute of limitations begins to run in their favor, as against the trustees and their successors.

2. STATUTE OF LIMITATIONS—CIRCUITOUS METHOD OF COLLECTION.

Where the law furnishes a party with a simple method of proceeding against an ultimate debtor, he cannot prevent the statute of limitations from running against him by a circuitous legal proceeding.

In Equity. Demurrers to bills. See 23 Fed. Rep. 695, and 24 Fed. Rep. 536.

*T. K. Skinker*, for complainant.

*W. H. Clopton*, for Foy, Priest, and Dorsheimer.

*C. M. Napton*, for Hunt.

[1] Edited by Benj. F. Rex, Esq., of the St. Louis bar.

*Geo. W. Taussig,* for Taussig.
*Smith & Harrison,* for Liggett and Dausman.
*Thos. C. Fletcher* and *Geo. D. Reynolds,* for Noonan and others.

BREWER, J., (*orally.*) In the cases of *John Glenn, Trustee,* v. *John G. Priest, Ex'r, and others,* bills and petitions were filed a year or two ago in this court, to which petitions and bills demurrers were presented and argued, and the demurrers sustained. Amended bills and amended petitions were filed, re-argument had, and demurrers again sustained. Now, the same questions are presented by new suits, both at law and in equity. Counsel for the plaintiff, encouraged by the opinions of a number of judges elsewhere, expressed in the intervening time, adversely to the views of this court, made before us a most elaborate argument, and filed with us a most exhaustive brief, in which he has taken up the various suggestions made by this court in its opinions, and has criticised them with a great deal of force and ability. I confess, speaking for myself personally, that the argument and the authorities have in no slight degree shaken my confidence in the strength of the positions assumed, and the arguments made, by the court at that time; and yet, while it has shaken my convictions, it has not overthrown them,—it has not changed them. I cannot escape the conviction that no mere strategy of legal proceeding should enable a party to jump the lengthened space of 18 years, and destroy the beneficent and healthful effect of a statute of repose like the statute of limitations. It would be a waste of time to restate the argument as it was stated heretofore, or to attempt to enlarge upon it, in view of these authorities and this argument. So far as my own opinion was announced, I should want to change some portions of it; and yet the substance of it would remain, and that is all that is vital. My convictions, and I believe those of my Brother TREAT, are unchanged, (Judge TREAT suggests that his are more positive.) We think that the statute of limitations does stand as a bar to a claim which could have been enforced by proceedings 18 years ago, and, with all respect for the various judges who have expressed different views, we can do no otherwise than sustain these demurrers.